**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10644 |
| Plaintiff - Appellee, | D.C. No. CR-04-00075-SOM |
| v. | |
| RICHARD JAMES BASUEL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
A. Wallace Tashima, District Judge, Presiding

Submitted May 15, 2006**

Before:    B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

Richard James Basuel appeals from his jury-trial conviction for conspiracy, in violation of 18 U.S.C. § 371, and multiple counts of aiding and abetting the filing of false tax returns, in violation of 26 U.S.C. § 7206(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Basuel challenges the sufficiency of the evidence supporting his

---

\*    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*    This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convictions. Because he preserved this claim in the district court by filing a motion for acquittal, we review de novo his challenge to the sufficiency of the evidence claim. *See United States v. George*, 420 F.3d 991, 998-99 (9th Cir. 2005).

Basuel contends the government failed to provide evidence showing he willfully aided in preparing false returns, as required by 26 U.S.C. § 7206(2). Willfulness may be established "with circumstantial evidence indicating that the defendant knew or must have known that his returns were false." *United States v. Tucker*, 133 F.3d 1208, 1218 (9th Cir. 1998) (internal quotation marks and citation omitted). There was evidence that Basuel had many years' experience in the tax preparation business prior to his use of the supposed foreign-income loophole, that he supposedly relied on others with no demonstrable tax experience to interpret the tax code language, and that he continued to file returns using the suspect method even after many clients' returns had been rejected by the Internal Revenue Service.

Considering the evidence in the light most favorable to the prosecution, a rational trier of fact could infer from the government's evidence that Basuel willfully assisted in the filing of returns he knew were false. *See George*, 420 F.3d at 999.

**AFFIRMED.**

2

A TRUE COPY  6/13/06
ATTEST
CATHY A. CATTERSON
Clerk of Court
by: Deputy Clerk